# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6123 | **DATE** | 7/25/2001 |
| **CASE TITLE** | STEVEN SCHMIDT vs. CAMPANELLA SAND & GRAVEL CO., INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to strike portions of the partial summary judgment motion [56-1] is granted in part and denied in part. All references to daily worksheets and discovery non-compliance are stricken. Paragraphs 15-18, 29 and the last sentence of ¶ 21 are stricken from Schmidt's affidavit. The motion is denied in all other respects. Schmidt's references to the first amended complaint are stricken upon the court's initiative. The motion for partial summary judgment [43-1] is granted on liability issues. The parties shall present their joint modified final pretrial order on August 21, 2001 at 9:00 a.m.; plaintiff's draft pretrial order shall be given to defendant by August 13, 2001. A bench trial on damages is set on August 27, 2001 at 9:00 a.m. unless both parties consent to a trial by the assigned Magistrate Judge by August 21, 2001. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 0 6 2001 | |
| | Notified counsel by telephone. | date docketed | 63 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 7/25/2001 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| sb | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG -6 AM 11:50 Date/time received in central Clerk's Office | PB mailing deputy initials |

| | |
|---|---|
| STEVEN SCHMIDT ) | |
| ) | |
| Plaintiff, ) | No.00 C 6123 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| CAMPANELLA SAND & GRAVEL CO., INC ) | |
| Defendants. ) | |

DOCKETED
AUG 0 6 2001

## MEMORANDUM OPINION AND ORDER

Steven Schmidt ("Schmidt") sues Campanella Sand & Gravel Co., Inc. ("Campanella") for (1) breaching a lease agreement and (2) failing to pay Schmidt in full for his trucking services.[1] Schmidt moves for summary judgment, pursuant to Fed.R.Civ.P. 56. Campanella moves to strike portions of the summary judgment motion and supporting documents, pursuant to Fed.R.Civ.P. 12(f).

## BACKGROUND

All facts are undisputed unless otherwise noted. On June 18, 1999, Schmidt and Campanella entered into a written lease agreement. Pursuant to the agreement, Schmidt would lease with an option to buy two tractors and two trailers ("the trucks") from Campanella. The agreement read in part, "Payments will be as per the amortization schedule attached, and the lease will be in effect until December 30, 1999 at which time if financing is not obtained, a new lease will be negotiated." Plaintiff's Motion For Summary Judgment ("Pl. Mot."), Ex. 10. The

---

[1] On June 7, 2001, the court denied Schmidt's motion to amend his complaint because the motion was untimely. The court affirmed this decision on June 21.

-1-

63

agreement further provided that during the lease, Schmidt could only use the trucks while performing services for Campanella.

On June 20, 1999, Schmidt took possession of the trucks and gave Campanella two month's rental payments, totaling $13,824.60. The parties agreed that Campanella would deduct the subsequent monthly payments from the gross revenues Schmidt earned while providing trucking services. Schmidt submitted daily worksheets to Campanella for the purpose of calculating earned revenues. Schmidt was never in default on the lease.

On December 1, 1999, Campanella sent Schmidt a letter stating that the company would not be negotiating a new lease with him. Schmidt refused to return the trucks when the lease ended on December 30. Campanella repossessed the trucks in February 2000.

Schmidt contends Campanella's December 1 letter constituted anticipatory repudiation of their agreement. He further contends Campanella refused to pay him $46,034 of his earned income and made improper income deductions, which prevented him from exercising his option to buy the trucks.

## DISCUSSION

### I. Motion to strike

#### A. References to the amended complaint

Schmidt's motion for summary judgment and supporting memoranda contain references to the proposed first amended complaint. These references must be stricken because leave to amend the complaint was denied. See Fed.R.Civ.P. 12(f) (court may strike immaterial facts or arguments upon its own initiative).

### B. Alleged debt

Campanella contends all references to its indebtedness to Schmidt should be stricken because Schmidt did not seek recovery for this debt in the complaint. However, Schmidt's complaint alleges "Campanella applied payments due to Schmidt for itself although they belonged to Schmidt" and "Campanella illegally applied for itself, without authority, trucking revenues due to Schmidt." Cmplt. at ¶¶ 9-10. Although the specific amount owed is not alleged, the theory of relief is alleged. Accordingly, references to Campanella's alleged debt may not be stricken.

### C. Worksheet authentication

Campanella further contends Schmidt's summary of his daily worksheets is not properly authenticated. The summary was made by Schmidt and includes worksheet itemization numbers, worksheet compilation dates, the amount of revenues earned, and explanatory footnotes Pl. Mot., Ex. 1. Schmidt fails to provide the underlying worksheets. There is no indication that the actual worksheets are so voluminous that they "cannot be conveniently examined in court." *See* Fed.R.Evid. 1006. In addition, Schmidt did not provide Campanella with a copy of the worksheets that are the subject of the summary. *See id.* (originals must be made available for examination). Schmidt's assumption that Campanella has a copy of these worksheets is an insufficient excuse for his failure to provide copies.

Even if the actual worksheets were produced, authentication requirements would not be satisfied. Schmidt has not provided a foundation to establish that the worksheets accurately reflect his services or that Campanella received a copy of the worksheets at the appropriate time. Accordingly, Schmidt's references to his submission of daily work sheets and the Exhibit 1

summary of his daily worksheets must be stricken. *See* Fed.R.Evid. 901 (authentication is a condition precedent to admissibility).

### D. Alleged discovery violations

Campanella further contends Schmidt's references to the company's failure to comply with discovery requests should be stricken. It is undisputed that objections regarding discovery matters were resolved by Magistrate Judge Levin on May 31, 2001. Campanella and the company's counsel have signed affidavits attesting to the fact that they have produced all documents in their possession. *See* Defendant's Motion To Strike, Ex. F. Schmidt's reference to discovery violations are inappropriate and must be stricken.

### E. Hearsay and foundation objections

Campanella asserts portions of Schmidt's affidavit should be stricken on lack of personal knowledge and hearsay grounds. The court agrees. The last sentence in ¶ 21 of the affidavit states, "I believe John Campanella and Russell had a personal relationship." There is no basis to infer that Schmidt has personal knowledge of this relationship. Therefore, the last paragraph of ¶ 21 must be stricken. *See* Fed.R.Evid. 602 (witness may not testify about a matter unless he has personal knowledge of the matter). Paragraphs 15-18 and 29 contain purported statements of third-parties and, thus, must be stricken. *See id.* at 802 (hearsay is not admissible).

## II. Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Once a moving party has met its

burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Summary Judgment Analysis

#### A. Payments owed to Schmidt

Schmidt contends Campanella has not paid him in full for his trucking services and has made improper deductions from his gross revenues. Schmidt offers his own affidavit to support these contentions. Pl. Motion, Ex. 3 at ¶¶ 14, 19-20, 23, 26-27, 30-31.

A party opposing a motion for summary judgment must provide affidavits or other supporting material. Local Rule 56.1(b)(1). In addition, the nonmoving party must file a concise response to the movant's statement of facts, "including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting material relied upon . . ." *Id.* at 56.1(b)(3). Campanella fails to satisfy these requirements. The company does not offer evidence suggesting Schmidt has been paid in full for his trucking services. Furthermore, in response to Schmidt's statement of facts, Campanella merely denies owing Schmidt money without offering evidence to support the denial. The company merely relies on its unfounded assertion that the debt claim is outside the scope of Schmidt's complaint. *See* Defendant's

Response to Plaintiff's Facts, ¶¶ 5-8, 10, 12, and 16. As discussed above, the debt claim is not outside the complaint. Accordingly, the motion for summary judgment must be granted regarding the issue of whether Campanella owes Schmidt money for his trucking services.[2] *See Robin v. ESPO Engineering Corporation*, 200 F.3d 1081, 1088 (7th Cir. 2000) (party may not defeat a motion for summary judgment by resting on general denials).

**B. Breach of contract**

Schmidt asserts Campanella's December 1 letter constituted anticipatory repudiation of their June 18 agreement. In response, Campanella contends the promise to negotiate a new lease is not enforceable. Specifically, the company argues it would have been useless to negotiate with Schmidt when the company already decided not to renew the lease. Campanella's arguments are based on a misunderstanding of contract law. Promises to negotiate in good faith are enforceable, regardless of whether the negotiations would lead to a new contract. *Venture Associates Corporation*, 96 F.3d 275, 278 (7th Cir. 1996) ("[A]greements to negotiate toward the formation of a contract are themselves enforceable as contracts if the parties intended to be legally bound"). Therefore, the court must determine whether the June 18 agreement included a binding promise to negotiate a new lease.

When a summary judgment motion depends on contract interpretation, the court must determine "(1) if the contract is ambiguous or unambiguous and (2) if it is ambiguous, whether

---

[2] Summary judgment on the amount of money owed cannot be granted. Schmidt offers no admissible evidence to establish this amount. His affidavit includes claims regarding the amount owed, but does not establish the basis for those figures. Conclusory allegations in an affidavit are insufficient for purposes of summary judgment. *Drake v. Minnesota Mining & Manufacturing Company*, 134 F.3d 878, 887 (7th Cir. 1998) (Rule 56 requires "affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted").

after consideration of the extrinsic evidence, there are any triable issues of fact." *Hickey v. A.E. Staley Manufacturing*, 995 F.2d 1385, 1389 (7th Cir. 1993). Although the meaning of "negotiated" may be ambiguous, the fact that the parties agreed to partake in some form of negotiation is not ambiguous. Even if the contract were ambiguous, the extrinsic evidence presented shows there are no triable issues. It is undisputed that the parties agreed a new lease would be negotiated on December 30, 1999, unless Schmidt obtained financing to purchase the trucks by this date. Pl. Mot., Ex. 10. Nevertheless, Campanella affirmatively stated on December 1, 1999 that the company would not negotiate with Schmidt for a new lease. *Id.* at Ex. 16. Campanella offers no evidence suggesting the parties did not believe the promise to negotiate a new lease was binding. The extrinsic evidence in the form of Schmidt's affidavit suggests the opposite. Accordingly, Schmidt's motion for summary judgment pertaining to whether Campanella is liable for refusing to negotiate a new lease must be granted.[3]

## CONCLUSION

Campanella's motion to strike portions of the partial summary judgment motion is granted in part and denied in part. All references to daily worksheets and discovery non-compliance are stricken. Paragraphs 15-18, 29 and the last sentence of ¶ 21 are stricken from Schmidt's affidavit. The motion is denied in all other respects. Schmidt's references to the first amended complaint are stricken upon the court's initiative. Schmidt's motion for partial summary judgment is granted. There are no disputed issues of material fact as to Campanella's liability for trucking services provided by Schmidt or as to Campanella's breach of contract.

---

[3] Campanella challenges Schmidt's ability to establish damages resulting from its refusal to negotiate. This argument is premature. Schmidt has not moved for summary judgment on the issue of damages; Campanella did not move for summary judgment.

July 25, 2001

ENTER:

Suzanne B. Conlon
United States District Judge